UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| Charity Kerstetter<br>15 Mattie St.<br>Cathlamet, WA 98612<br><br>Plaintiff,<br><br>v.<br><br>Evergreen Professional Recoveries, Inc.<br>12100 N.E. 195th St., Suite 325<br>Bothell, WA 98011<br><br>Defendant. | Case No.: C09 5564 RJB<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around September 29, 2008, Defendant telephoned Plaintiff.

8. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

1

9. During this communication, Defendant threatened to seize Plaintiff's home if Plaintiff did not satisfy the debt.

10. During this communication, Plaintiff notified Defendant that Plaintiff's house was already in foreclosure.

11. During this communication, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not satisfy the debt.

12. During this communication, Defendant falsely represented that Plaintiff would be arrested if Plaintiff could not pay the debt.

13. As a result of Defendant's threats and misrepresentation, Plaintiff paid the debt.

14. At the time of these communications, Defendant had neither the intent nor ability to seize Plaintiff's home.

15. At the time of these communications, Defendant had neither the intent nor the ability to garnish Plaintiff's wages.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *Lawrence Lofgren*
Lawrence S. Lofgren (Bar No. 34358)
600 Stewart St, Ste 724
Seattle, WA 98101
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: llo@legalhelpers.com
*Attorney for Plaintiff*